UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HELEN THOMPSON,

        Plaintiff,

vs.

LIFE INSURANCE COMPANY OF NORTH AMERICA,

        Defendant.        /

Case No.: 8:06-cv-1201-EAK-TBM

## DEFENDANT'S MOTION FOR LEAVE TO AMEND MOTION FOR SUMMARY JUDGMENT AND FOR LEAVE TO RESPOND TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, Defendant LIFE INSURANCE COMPANY OF NORTH AMERICA, by and through undersigned counsel, and requests that this Court grant Defendant leave to amend the Motion for Summary Judgment and leave to file a response to Plaintiff's Motion for Summary Judgment, and grounds therefor would state:

1. The Plaintiff's Motion for Summary Judgment was originally filed July 9, 2007.

2. The Defendant's Cross-Motion for Summary Judgment was also originally filed July 9, 2007.

3. The Plaintiff's Response to Defendant's Motion was served on July 26, 2007, the last day that a response could be filed according to Local Rule 3.01(b). Defendant did not file a response to Plaintiff's Motion at that time, believing that the cross-motion would serve as a response.

4. Each motion rested heavily on the standard of review to be applied in determining whether the Defendant's denial of accidental death benefits to Plaintiff was reasonable given the

facts of the case. Plaintiff maintains that this court should use a *de novo* standard of review; while Defendant asserts that the arbitrary and capricious standard of review applies.

5. While the cross-motions for summary judgment were pending, Defendant filed a Motion for Protective Order to prevent Plaintiff from inquiring into matters outside the scope of a review based on the arbitrary and capricious standard. Plaintiff responded, and a hearing was held on the matter before Magistrate Judge Thomas McCoun.

6. In order to rule on the Motion, Judge McCoun needed to determine the applicable standard of review. In his Order, Judge McCoun found that the insurance policy in this matter granted the Defendant sufficient discretionary authority in its claims decisions to call for a heightened arbitrary and capricious standard of review.

7. Plaintiff has filed an Objection to the Magistrate's Order, and Defendant has responded in kind. A ruling on the Objection is pending.

8. In light of the Magistrate's Order, it is necessary for Defendant to address more in depth the standard of review in its Motion for Summary Judgment.

9. In addition, in light of the arguments made at the hearing on the Motion for Protective Order, as well as the Magistrate's Order, which was entered after June 26, 2007, it is necessary for Defendant to address Plaintiff's arguments in favor of summary judgment which discuss other policies and cases involving Defendant's coverage decisions.

10. Following the hearing, Judge McCoun requested a copy of the Defendant's policy used in making a coverage determination in *Dixon v. Life Ins. Co. of N. Am.*, 389 F.3d 1179, 1882 (11th Cir. 2004), a case heavily relied upon by Plaintiff in both the Motion for Summary Judgment as well as the response to the Motion for Protective Order. The *Dixon* policy differs from the policy in the case at bar in several essentials. Due to the fact that the Dixon policy is

now a matter of record in this case, it is necessary for Defendant to address the policy differences either in an amended Motion for Summary Judgment, or a response to the Plaintiff's Motion for Summary Judgment.

11. Given that the Dixon policy and the Magistrate's Order regarding the standard of review were filed after the time for responding to Plaintiff's Motion for Summary Judgment had expired, and given that all of the Motions and Objections are still pending with this Court, Plaintiff would not be prejudiced by Defendant's both amending the Motion for Summary Judgment and filing a Response to Plaintiff's Motion for Summary Judgment.

WHEREFORE, Defendant requests that this honorable Court grant Defendant leave to file an Amended Motion for Summary Judgment as well as a Response to Plaintiff's Motion for Summary Judgment.

21317332v1 867197

Case No.: 8:06-cv-1201-EAK-TBM

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: James J. Dowling, Esquire, Law Offices of Berger & Dowling; 1150 Tampa Road; Palm Harbor, Florida 34683 (Attorneys For Plaintiff) and Charles P. Schropp, Esquire, Schropp Law Firm, P.A., 2309 South MacDill Avenue, Suite 101, Tampa, Florida 33629 (Attorneys For Plaintiff).

s/Steven D. Lehner
Steven D. Lehner
Florida Bar No. 039373
slehner@hinshawlaw.com
Tracy Martinell Henry
Florida Bar No. 073865
thenry@hinshawlaw.com
HINSHAW & CULBERTSON LLP
100 South Ashley Drive, Suite 500
Tampa, Florida 33602
Telephone: 813-276-1662
Facsimile: 813-276-1956

21317332v1 867197